UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEVEN LOCKWOOD,

                Plaintiff,

     -against-

TOWN OF HEMPSTEAD and SANITARY
DISTRICT SIX OF THE TOWN OF
HEMPSTEAD,

                Defendants.
----------------------------------------------------------X

**ORDER**
16-cv-3756 (SJF)(AYS)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 28 2017 ★
LONG ISLAND OFFICE

**FEUERSTEIN, District Judge:**

Plaintiff Steven Lockwood ("Plaintiff" or "Lockwood") commenced this action against Defendant Sanitary District Six of the Town of Hempstead ("Defendant" or the "Sanitary District"),[1] seeking redress pursuant to, *inter alia*, 42 U.S.C. § 1983 ("Section 1983"). *See* Docket Entry ("DE") [1]. On October 19, 2016, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), which this Court referred to Magistrate Judge Anne Y. Shields for a Report and Recommendation as to whether the motion should be granted. DE [24]. In a February 24, 2017 Report and Recommendation (the "Report"), Magistrate Judge Shields recommended that Defendant's motion to dismiss be granted, and that Lockwood's Complaint be dismissed. DE [38]. On March 24, 2017, Plaintiff filed a timely objection to Magistrate Judge Shields' Report, to which Defendant replied on April 7, 2017. DE [41], [42]. For the reasons set forth herein, Magistrate Judge Shields' Report is adopted in its entirety, and Defendant's motion to dismiss is granted.

---

[1] Although Plaintiff initially asserted claims against both the Sanitary District and the Town of Hempstead, pursuant to a November 28, 2016 Stipulation of Dismissal with Prejudice, the Court dismissed Plaintiff's claims against the Town of Hempstead. DE [33].

1

## I. LEGAL STANDARD

### A. Report and Recommendation

Pursuant to Fed. R. Civ. P. 72, a magistrate judge may conduct proceedings on dispositive pretrial matters without the consent of the parties. *See* Fed. R. Civ. P. 72(b); *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002) ("A district court may refer, without the parties' consent, both nondispositive and dispositive motions to a magistrate judge for decision or recommendation, respectively."). In reviewing a magistrate judge's report and recommendation, the district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations. *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Any portion of a report and recommendation on a dispositive matter to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "[o]bjections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal." *Frankel v. City of New York*, No. 06-CV-5450, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). Therefore, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Id.* Similarly, where there are no specific written objections to a magistrate judge's report and recommendation, the district court may accept the findings contained therein as long as the factual and legal bases supporting the findings are not clearly erroneous. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).

### B. Motion to Dismiss Standard

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949. In deciding a motion to dismiss, "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)). In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court's consideration is limited to:

> (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated . . . by reference; (3) matters of which judicial notice may be taken; and (4) documents upon whose terms and effect the complaint relies heavily, *i.e.*, documents that are "integral" to the complaint.

*Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003) (internal citations omitted); *see also Messina v. Mazzeo*, 854 F. Supp. 116, 128 (E.D.N.Y. 1994) ("The court's consideration on a motion to dismiss is limited to the factual allegations in the complaint; documents incorporated by reference into the complaint; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit.").

## II. OBJECTIONS

In his objection to the Report, Plaintiff argues that Magistrate Judge Shields erred in concluding that Plaintiff failed to allege a municipal policy or custom pursuant to Section 1983. *See* Plaintiff's Letter Objection to Report and Recommendation ("Pl.'s Obj."), DE [41], at 1. Specifically, Plaintiff argues that his allegations support an inference that: (i) his constitutional rights were violated as the result of a longstanding practice or custom within the Sanitary District; and (ii) an official policymaker within the Sanitary District acted in an manner that violated

Lockwood's constitutional rights. *Id.* Applying the standards outlined above, and for the reasons set forth herein, Magistrate Judge Shields' Report is adopted in its entirety, and Defendant's motion to dismiss is granted.

### A. Section 1983 Legal Standard

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 itself does not create substantive rights; rather, "it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993); *see also Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) ("[Section 1983] merely provides a method for vindicating federal rights elsewhere conferred . . . .") (internal quotation omitted). Therefore, to prevail on a claim arising under Section 1983, a plaintiff must establish: "(1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law." *Hawkins v. Nassau Cty. Corr. Facility*, 781 F. Supp. 2d 107, 111 (E.D.N.Y. 2011).

To state a claim arising under Section 1983 against a municipal entity, the plaintiff "must allege 1) an official policy or custom that, 2) caused her to be subjected to, 3) the denial of a constitutional right." *Lovell v. Comsewogue Sch. Dist.*, 214 F. Supp. 2d 319, 324 (E.D.N.Y. 2002); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036 (1978) (holding that a municipality may not be held liable under Section 1983 on a *respondeat superior* theory of liability); *Genovese v. Town of Southampton*, 921 F. Supp. 2d 8, 24 (E.D.N.Y. 2013) ("[A] municipal entity may only be held liable where the entity itself commits a

wrong; a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") (internal quotation omitted). The entity's policy or custom resulting in the deprivation of a constitutional right need not be explicit for purposes of liability arising under Section 1983. *See Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1992). A plaintiff may satisfy the "policy or custom" requirement by alleging:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policy makers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Jones v. Bay Shore Union Free Sch. Dist.*, 170 F. Supp. 3d 420, 438 (E.D.N.Y. 2016); *see also Davis v. City of New York*, 959 F. Supp. 2d 324, 338 (S.D.N.Y. 2013) (holding that a policy or custom may be inferred by constitutional violations that are so "persistent and widespread" that they "practically have force of law"); *Lovell*, 214 F. Supp. 2d at 324 ("It can be the result of an informal practice, so long as the discriminatory practices are persistent and widespread so as to constitute a custom or usage with the force of law.") (internal quotation omitted). However, it is well established that "'a single incident involving an employee below the policymaking level will not suffice to support an inference of municipal custom or policy.'" *Brewster v. Nassau Cty.*, 349 F. Supp. 2d 540, 549 (E.D.N.Y. 2004) (quoting *Vann v. City of New York*, 72 F.3d 1040, 1050 (2d Cir. 1995)).

In his objection to the Report, Plaintiff clarifies that his theory of municipal liability against the Sanitary District is premised upon: (i) the existence of a longstanding policy or custom of

5

constitutional rights violations; and (ii) individuals with policymaking authority violating Plaintiff's constitutional rights. Pl.'s Obj. at 1-3.

1. Widespread Policy or Custom

In his first objection to the Report, Plaintiff argues that Defendant "acted pursuant to a longstanding practice or custom by promoting less experienced and less senior employees to full-time positions on the basis that they, unlike Plaintiff, did not cease Republican Club support . . . ." *Id.* at 2. As discussed above, a plaintiff may demonstrate a municipal policy for purposes of liability under Section 1983 by alleging constitutional violations that are so "persistent and widespread" that they "practically have force of law." *Davis*, 959 F. Supp. 2d at 338. However, it is well established that "'a single incident involving an employee below the policymaking level will not suffice to support an inference of municipal custom or policy.'" *Brewster*, 349 F. Supp. 2d at 549 (quoting *Vann*, 72 F.3d at 1050).

According to Plaintiff, Glen Cole and Sandy Senti—Plaintiff's supervisor and Sanitation Commissioner, respectively—repeatedly promised him "that he would receive a full-time position if he 'put in his dues'" with the West Hempstead Republican Club (the "Club"). *See* Pl.'s Obj. at 2. For example, Plaintiff claims that Cole "ordered him to participate" in the Club and made him complete tasks including, *inter alia*, canvassing neighborhoods for signatures, attending Club-organized rallies, picketing in support of the Club, selling tickets for Club-hosted functions, and attending and working at Club functions. *Id.* Likewise, Plaintiff claims that Senti told him "that if he volunteered for the West Hempstead Volunteer Fire Department, [he] would secure him a full-time position with the Sanitation Department." *Id.* Despite Cole's and Senti's assurances that he would receive a full-time position, Plaintiff claims that he "saw individuals with less experience and seniority get promoted to full time positions." *Id.* According to Plaintiff, Cole and Senti

6

"engaged in and were aware of such a custom, policy or usage in which individual employees' status within the Defendant District was predicated upon their willingness to engage in and financially support the Republican Club." *Id.*

Plaintiff's allegations, accepted as true, are insufficient to support an inference that the Sanitary District committed constitutional violations that were so "persistent and widespread" that they "practically have force of law." *Davis*, 959 F. Supp. 2d at 338. As an initial matter, Lockwood's allegations do not support an inference that his departure from the Club was causally related to an adverse or retaliatory employment action. Rather, as Magistrate Judge Shields observed, because Plaintiff alleges that he was passed over for promotions during the seven (7) years that he was an active member of the Club, as well as during the two (2) years after he left the Club, his "support of the Club appears to have had no impact on the municipality's employment decisions with regard to Plaintiff." *See* Compl., DE [1], ¶¶ 19-23; Report at 21-22. As Plaintiff's allegations do not support an inference that leaving the Club was causally related to an allegedly adverse or retaliatory employment action, they are insufficient to establish municipal liability under Section 1983. *See DeJesus v. Vill. of Pelham Manor*, 282 F. Supp. 2d 162, 175 (S.D.N.Y. 2003) (holding that a plaintiff "must demonstrate a causal connection between the policy at issue and the unconstitutional acts committed by the municipality's agent"). Furthermore, even accepting as true that an alleged adverse or retaliatory employment action was causally related to his departure from the Club, Lockwood fails to identify other similar instances of constitutional violations that are so "persistent and widespread" that they "practically have force of law." *Davis*, 959 F. Supp. 2d at 338. Rather, Plaintiff only alleges that the Sanitary Department failed to promote *him* as a result of his refusal to support the Club. *See* Compl. ¶¶ 29-35. As a single instance of a constitutional violation is insufficient to demonstrate a municipal policy or custom,

Plaintiff's allegations are insufficient to establish the Sanitary District's liability arising under Section 1983. *See Brewster*, 349 F. Supp. 2d at 549; *see also Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("Nor can a policy, custom, or practice arise from a single instance of unconstitutional conduct by a municipal employee who is not a municipal policymaker under state law.") (internal quotation omitted). Therefore, Plaintiff's first objection to the Report is overruled.

2. Constitutional Violations by Policymaking Individuals

In his second objection to the Report, Plaintiff argues that he "was ordered to participate in and support the Club by high ranking members of the Defendant District, such as Glen Cole and Sandy Senti." Pl.'s Obj. at 3. However, Plaintiff does not allege that Cole's and Senti's orders to participate in and support the Club were, in and of themselves, violations of his constitutional rights. Rather, Plaintiff alleges that his constitutional rights were violated when he was passed over for promotions despite his participation in and support of the Club. *See* Compl. ¶¶ 11-23. It is well established that a plaintiff must allege that an official is a policymaker "with respect to the particular conduct alleged in the lawsuit," *see Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008), and Lockwood neither alleges that Cole or Senti had policymaking authority with respect to decisions of whether to promote employees, nor claims that his decision to leave the Club was causally related to any such decision to promote younger and less experienced employees. *See Eldridge v. Rochester City Sch. Dist.*, 968 F. Supp. 2d 546, 562 (W.D.N.Y. 2013) (observing that an official "may be a final policymaker as to some issues but not as to others"); *see also T.E. v. Pine Bush Cent. Sch. Dist.*, 58 F. Supp. 3d 332, 356 (S.D.N.Y. 2014) (observing that an individual is not the final policymaker with respect to matters "not within the [individual's] control or . . . subject to review by another official or entity"). As Plaintiff fails to allege that a policymaking

8

official within the Sanitary District acted in a manner that deprived him of a constitutional right, he fails to state a claim arising under Section 1983 against the Sanitary District. Therefore, Plaintiff's second objection to the Report is overruled.

### B. Remainder of the Report and Recommendation

As discussed above, the Court must review those portions of a report and recommendation to which no objections have been filed for clear error. *See Frankel*, 2009 WL 465645, at *2. Having reviewed the remainder of Magistrate Judge Shields' Report for clear error, and having found none, the Court adopts Magistrate Judge Shields' February 24, 2017 Report and Recommendation in its entirety. Therefore, Defendant's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

## III. CONCLUSION

For the reasons set forth herein, Magistrate Judge Shields' February 24, 2017 Report and Recommendation is adopted in its entirety and Defendant's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is granted. The Clerk of the Court is directed to close this case and enter judgment in favor of Defendant.

Dated: Central Islip, New York
       August 28, 2017

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge